THE STATE, URIAH VAN RIPER AND OTHERS, PROSECU-
TORS, v. JOHN D. RYERSON, ASSESSOR, ETC.

'The act of March 27th, 1862, (*Laws* 1862, 307,) is not a supplement to the
act of March 14th, 1851, (*Laws* 1851, 270, § 11,) but a distinct and in-
dependent act, and does not, in order to raise the necessary money by
taxation, require a resolution of two-thirds of the inhabitants present
at the meeting of the taxable inhabitants of the district, or the certifi-
cate of the school trustees to be under oath.

On *certiorari*.   In matter of assessment, to raise money
under a special law to pay for building a school house.

This suit is brought to remove a certain certificate, made by
the trustees of the Union School District, in the township of
Wayne, Passaic county, directing the said assessor to levy and
assess the sum of seven hundred dollars on the property and
inhabitants of said district, to defray the expense of building
a school house.

It is sought to set aside these proceedings, principally on
the ground that the question of taxation for such purpose was
not submitted to the inhabitants of the district, as required by
the school law, and that the order or certificate does not
specify what persons and property are to be assessed; and
that the special act under which the assessment was made
does not, in terms, dispense with those necessary provisions,
and should be so construed as to be consistent with the gen-
eral law.

For the prosecutors, *D. Barkalow.*

For the defendant, *A. O. Zabriskie.*

HAINES, J.   Under the act of 14th March, 1851, the in-
habitants of the Union School District, in the township of
Wayne, and county of Passaic, resolved to raise money to
build a school house.   The assessment of the money, so re-

State v. Ryerson.

solved to be raised, was removed by writ of *certiorari* to this court, and set aside for irregularity. But the trustees had built the house and expended the money, and they applied to the legislature for relief, and procured the passage of the act of March 27th, 1862. This act authorizes the trustees, or any two of them, to assess the cost of the school house on the persons and property of the district, by making a certificate of the amount thereof, with interest on the same to the date of the certificate and delivering the same to the assessor of the township, who is authorized to assess, and the collector of the township to collect the amount in the same manner as other township moneys are or may be assessed, levied, and collected. Under this act, two of the trustees, on the 23d of April, 1862, made their certificate, reciting the act and stating the amount of money expended in building, and the interest thereof, and delivered the same to the assessor, who proceeded to assess the amount of money, certified in the same manner as the other township moneys are assessed. This assessment is brought here by writ of *certiorari* for adjudication, and it is objected, that the trustees are bound to observe the requisites of the act of 1851, except those which, by express terms or necessary implication, are repealed by the act of 1862 ; and that they have failed so to do, inasmuch as it does not appear that the money was resolved to be raised by two-thirds of the inhabitants present at the meeting, and that the assessment is to be made on the persons and property of the district, without the exception of such property as by the general tax law is exempted from taxation. And further, that the certificate of the trustees is, by the act of 1851, required to be under oath. I can see no validity in any of these objections. The act of 1862 is not a supplement, but a distinct, independent act, providing for the relief of the trustees. The preamble recites the fact of the expenditure of the money in building the school house, and the doubt whether, according to the then existing laws, they had power to raise it by assessment. And then provision is made for the assessment, and the man-

ner is prescribed. All that can be required of the trustees is to follow the directions of the latter act. No preliminary vote of two-thirds of the inhabitants present at the meeting is required. The want of such vote may have been one of the objections under the former writ, and, if so, the defect was intended to be cured by the healing act.

Nor is the certificate of the trustees required to be under oath. The preliminary proceedings had been attempted, and the legislature was satisfied that they were sufficient in substance, and that the money had actually been expended in building the school house, and all that was further required was the certificate without oath of the exact amount expended, and the interest upon it. This was made and delivered to the assessor, and is sufficient authority for him to assess, and for the collector to collect, the amount. The mode of assessing is required by the act to be in the same manner as other township moneys are assessed. Nothing is said about the property exempted, and it may be presumed that the legislature meant to exclude from the assessment property excluded by the general law. If that was not so intended, there can be no question of the power of the legislature to tax for one purpose property which for another purpose is exempted. Besides, there is no evidence, nor even suggestion, that any property of these prosecutors exempted by the general law is included in this assessment, or that the like property of others is excluded from it. If others may have such a ground of complaint, these prosecutors have none.

The assessment must be in all things affirmed.